**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

| | | |
|---|---|---|
| LAURA EDSTROM-SMITH, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KASS SHULER, P.A, a Florida professional service corporation,<br><br>Defendants. | ) | **CLASS ACTION**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff, on behalf of herself and a class of other similarly situated individuals, alleges that Defendants, while engaged in the collection of debt, committed violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et. seq.* ("FDCPA"). Specifically, Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of any debt.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §§ 1331, 1337*, and *15 U.S.C. § 1692k*. Venue in this District is proper because Defendant resides here and does business in this District.

## PARTIES

3. Plaintiff, Laura Edstrom-Smith ("Plaintiff"), is a natural person and a citizen of the State of Florida who resides in Palm Beach County.

4. Plaintiff, allegedly obligated to pay a debt as described herein, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant, Kass Shuler, P.A. ("Defendant") is a Florida professional service corporation— a law firm, whose principal address is 1505 North Florida Avenue, Tampa, FL 33602, and whose Registered Agent for service of process in the State of Florida is Michael Kass, 1505 North Florida Avenue, Tampa, FL 33602.

6. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant claims that it is "nationally recognized for its experience and expertise in representing creditors throughout the state of Florida." and that its "collections department comprises highly qualified attorneys, paralegals, investigators and collectors."[1] Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. On or about October 29, 2015, Defendant, upon filing a lawsuit against Plaintiff in Palm Beach County Circuit Court, caused to be served upon Plaintiff a one-page Complaint seeking therein to collect an alleged debt. (hereinafter, the "Complaint.").

---

[1] Source: http://www.kasslaw.com/practices/collections.aspx (Last accessed: Feb. 10, 2016).

9. The alleged debt arises from a personal line of credit opened through Suncoast Schools Federal Credit Union ("Suncoast Credit Union") on or about January 4, 2005; a "debt" within the meaning of 15 U.S.C. 1692a(5).

10. Incorporated within the Complaint is a conspicuous section entitled "Notice Under Fair Debt Collection Practices Act" (the "Notice"), which states:

*"Pursuant to Title 15 United States Code Section 1692, Plaintiff is providing the following notice:*
*(a) The amount of the debt is contained in this Complaint;*
*(b) The Creditor to whom the debt is owed is the Plaintiff in this lawsuit;*
*(c) Unless this debt, or any portion thereof, is disputed within thirty days after receipt of this notice, the debt will be assumed to be valid by the Plaintiff;*
*(d) If a consumer notifies the undersigned within the thirty day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt and a copy of such verification will be mailed to such consumer;*
*(e) Upon a consumer's written request with the thirty-day period, the undersigned will provide the consumer with the name and address of the original creditor, if different from the current creditor."*

See, **Exhibit A**.

11. Here, this so-called "g-notice" which, pursuant to the FDCPA, which is required by law to be sent to consumers **only whenever an initial communication is made in connection with the collection of any debt** (See 15 U.S.C. § 1692g(a)), purports to convey certain legal rights upon the consumer, not the least of which is to dispute the validity of the debt — and upon receipt of such dispute, the debt collector must cease all collection activity until such time as the Defendant obtains validation of the debt from the creditor and mails such validation to the consumer. See 15 U.S.C. § 1692g(b).

12. But, a communication in the form of a formal pleading in a civil action (such as here) shall not be treated as an initial communication for purposes of

subsection (a), therefore, and contrary to Defendant's assertion in the Complaint, no Notice is required to be provided along with the Complaint. See 15 U.S.C. § 1692g(d). *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) (explaining that § 1692g(d) means that "legal pleadings no longer need be preceded or accompanied by verification notices").

13. A debt collector must only provide a Notice after an "initial communication" with a consumer. Both the statute and case law clearly establish that the filing of a civil complaint does not constitute such an initial communication. See 15 U.S.C. § 1692g(d); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 605 n. 22, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010).

14. The Notice therefore improperly suggests that a dispute directed to the Defendant, after the filing of a lawsuit, is legally sufficient require the Defendants to cease all collection efforts with respect to the debt until they obtain verification of the debt and a copy of such verification is mailed to the Plaintiff.

15. The fact is, however, that such a Notice embedded into a civil complaint carries with it no legal force whatsoever and were the consumer to dispute the debt, in the manner instructed, the Defendant is under no legal obligation to respond. Instead, Defendant's inclusion of the superfluous, false, misleading, and deceptive Notice has no effect whatsoever, other than to confuse, deceive, and ultimately, adversely affect one's rights, both as a consumer and as a litigant.

16. A collection letter is confusing if, after reading it, the unsophisticated consumer would be left unsure of her right to dispute the debt and request

information concerning the original creditor. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014). That is the case here.

17. The Eleventh Circuit applies the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates 15 U.S.C. § 1692e. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

18. The FDCPA applies to attorneys, like Defendant, who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

## CLASS ACTION ALLEGATIONS

19. This action is also brought on behalf of a class consisting of (i) all natural persons sued by Defendant in the State of Florida (ii) and were served with a Complaint containing a Notice in materially the same form as "**Exhibit A**" (iii) in an attempt to collect a debt incurred for personal, family, or household purposes, (iv) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

20. Plaintiff is a member of the Class whose membership, based upon review of public court records available throughout the State of Florida, numbers in the thousands. The Class is therefore so numerous that joinder of all members is impractical.

21. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent or served a Notice in the form of "**Exhibit A**." The principal legal issues is

whether Defendant's Notice violates the FDCPA by deceiving consumers into believing that, by virtue of the Notice, they are vested with the legal rights to dispute the debt, thereby forcing the Defendant to cease collection efforts until such time as Defendant mails them validation of the debt.

22. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that: (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member. (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. The Plaintiffs request certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for statutory damages.

**COUNT I - VIOLATION OF 15 U.S.C. § 1692e**

26. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

27. Section 1692e of the FDCPA prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. Defendant's superfluous and deceptive Notice is a material misstatement of the law and fact whose effect is to create within consumers the belief that, by virtue of being served with the Notice in conjunction with a complaint, they can simply notify the Defendant that they dispute the debt and the Defendant must cease all collection activity until obtaining verification of the debt and mailing said verification to the consumer.

29. To many consumers, this Notice would overshadow the necessity of filing a response to the Complaint with the Court, thus paving the way for Defendant to obtain a default judgment against the consumer who, all the while, remains under the mistaken belief that by disputing the debt, she needed do nothing more until verification is received.

30. Simply put, the Defendant's Notice purports to explain a consumer's rights to dispute and seek validation of an alleged debt **even though those rights could not have been triggered**. It can serve no other possible purpose than to deceive the least sophisticated consumer with respect to his rights as both a consumer and a litigant. The Notice is therefore violative of 15 U.S.C. §1692e, generally, and specifically, § 1692e(10).

**WHEREFORE**, Plaintiff, Laura Edstrom-Smith, respectfully requests that this Court enter judgment in favor of herself and the Class, and against Defendant, Kass Shuler, P.A., for:

a. An Order certifying this matter as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Attorney's fees, litigation expenses and costs of the instant suit; and

d. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: March 8, 2016.

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
Fla. Bar # 0597651

SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: (954) 589-0588
Fax: (954) 337-0666
scott@scottdowens.com