UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80341-CIV-COHN/SELTZER

LAURA EDSTROM-SMITH, etc.,

Plaintiff,

vs.

KASS SHULER, P.A., etc.,

Defendant.

_________________________________/

# ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 16] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 21], and Defendant's Reply [DE 22], and is otherwise advised in the premises. For the reasons that follow, the Court will **GRANT** the Motion and **DISMISS** this case with prejudice.

## I. Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

## II. Background

Plaintiff sues Defendant law firm under Section 1692e of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p. Plaintiff alleges that Defendant made a false, deceptive, or misleading statement in connection with the collection of a debt by including certain FDCPA "validation" language in its state-court foreclosure complaint concerning Plaintiff's home.[1]

Plaintiff attaches Defendant's one-page foreclosure complaint to her complaint in the instant suit. The foreclosure complaint contains the following language, under the heading "Notice Under Fair Debt Collection Practices Act:"

> Pursuant to Title 15 United States Code Section 1692, Plaintiff is providing the following Notice:
>
> a) The amount of the debt is contained in this Complaint;
>
> b) The Creditor to whom the debt is owed is the Plaintiff in this lawsuit;
>
> c) Unless this debt, or any portion thereof, is disputed within thirty days after receipt of this notice, the debt will be assumed to be valid by the Plaintiff;
>
> d) If a consumer notifies the undersigned within the thirty day period that the debt, or any portion thereof, is

[1] FDCPA § 1692g requires the inclusion of such language in certain communications. However, legal pleadings are not among them.

> disputed, the undersigned will obtain verification of the debt and a copy of such verification will be mailed to such consumer;
>
> e) Upon a consumer's written request within the thirty-day period, the undersigned will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[DE 1-1 at 1.] This Order will refer to this language as the "Notice" or "Validation Notice."

Plaintiff argues that the inclusion of this Notice violates FDCPA § 1692e, which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff's Complaint presents the following theories of liability:

> Defendant's superfluous and deceptive Notice is a material misstatement of the law and fact whose effect is to create within consumers the belief that, by virtue of being served with the Notice in conjunction with a complaint, they can simply notify the Defendant that they dispute the debt and the Defendant must cease all collection activity until obtaining verification of the debt and mailing said verification to the consumer.

[DE 1 at 7.] Further—

> To many consumers, this Notice would overshadow the necessity of filing a response to the Complaint with the Court, thus paving the way for Defendant to obtain a default judgment against the consumer who, all the while, remains under the mistaken belief that by disputing the debt, she needed [to] do nothing more until verification is received.

[Id.]

## III. Discussion

Defendant has moved to dismiss, arguing that the Notice is not misleading, false, or deceptive in violation of the FDCPA. The Court agrees.

Section 1692e of the FDCPA "prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010) (internal quotation marks omitted). Courts in the Eleventh Circuit "employ 'the least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates" this provision. Id. A statement is actionable under § 1692e if it would "tend to mislead the least sophisticated consumer." Caceres v. McCalla-Raymer LLC, 755 F.3d 1299, 1303 (11th Cir. 2014). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world" and a willingness to read communications from debt collectors "with some care." Id. But, "while protective of naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Id.

Here, the Court perceives no statement in the Validation Notice incorporated into Defendant's foreclosure complaint that would mislead even the least sophisticated consumer. Plaintiff does not dispute that the Notice includes the proper debt amount and correctly identifies the creditor. The rest of the Notice simply describes what Defendant will do in response to Plaintiff's actions. If Plaintiff opts not to dispute the debt, in 30 days Defendant will assume it to be valid. [DE 1-1 at 1.] If, on the other hand, Plaintiff does dispute the debt, Defendant will obtain validation of the debt and mail it to Plaintiff, etc. [Id.] These statements are not inherently false, deceptive, or misleading.

Instead, Plaintiff alleges in the Complaint that the Notice lulls the recipient into thinking that she can simply dispute the debt instead of answering or otherwise responding to the foreclosure complaint. [DE 1 at 7.] But the Court has already rejected this theory. In Coburn v. Gonzalez, the undersigned concluded that "the least sophisticated consumer would not be misled by two different deadlines imposed by a summons and a validation notice." 141 F. Supp. 3d 1339, 1343 (S.D. Fla. 2015).[2] With careful reading, even the least sophisticated consumer would understand the difference.

Finally, the Court turns to an additional argument Plaintiff has made in response to the Motion to Dismiss. Plaintiff argues that simply including a validation notice in a foreclosure complaint violates FDCPA § 1692g. [DE 21 at 6–7.] This is not the theory of liability Plaintiff alleges in her Complaint. Moreover, although Section 1692g does not require a validation notice to accompany a foreclosure complaint, it does not forbid it.

## IV. Conclusion

As set forth above, Defendant's Motion to Dismiss will be granted and this case dismissed. Because any amendment appears futile, dismissal will be with prejudice. See Fed. R. Civ. P. 15(a). Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 16] is **GRANTED**.
2. Plaintiff's Complaint [DE 1] is **DISMISSED with prejudice.**
3. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** any pending motions as moot.

---

[2] Plaintiff argues that a summons is not at issue here and that this case does not concern conflicting deadlines. However, the summons is the document that sets forth a defendant's obligation to respond to a complaint. Plaintiff's Complaint plainly alleges that Defendant's FDCPA Notice overshadows this responsibility. [DE 1 at 7.]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of August, 2016.

JAMES I. COHN
United States District Judge

yesCopies provided to counsel of record via CM/ECF.